UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

GREGORY RYAN WEBB                                                                    PLAINTIFF

v.                                                            CIVIL ACTION NO. 5:17-CV-P81-TBR

KY. DEPT. OF PUBLIC ADVOCACY *et al.*                                        DEFENDANTS

## MEMORANDUM OPINION

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Gregory Ryan Webb leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

### I.

Plaintiff brings suit against three Defendants in this action – the Kentucky Department of Public Advocacy (DPA); John Jefferson Johnson, a public defender at the DPA, in both his official and individual capacities; and Leslie Thorn, a "case worker" at the DPA, in her official-capacity only. Plaintiff claims that Defendant Johnson failed to represent him fairly in a state court criminal proceeding. He accuses Defendant Johnson of "breach of trust; breach of duty; dishonesty, unethical behavior; misinterpretation; and false statements of material facts." He specifically alleges that Defendant Johnson "lied to the Court" concerning a cell phone warrant; waited too long to file a motion to suppress; spent "very little time preparing a motion for probation;" pushed Plaintiff into a plea deal; and caused Plaintiff to lose "471 days jail credit due to [Defendant] Johnson 'showing' [Plaintiff] the PSI right before court and not letting [Plaintiff] see it." Plaintiff concludes his complaint by stating that Defendant Johnson was negligent and

"prevented appropriate due process." As relief, Plaintiff seeks compensatory and punitive damages.

On August 2, 2017, Plaintiff filed an amended complaint (DN 9). In his amended complaint, Plaintiff claims that Defendant Johnson "did not offer [Plaintiff] a reasonable defense" and "ignored [Plaintiff's] pleas for help." Plaintiff further states that he smelled alcohol on Defendant Johnson. Finally, Plaintiff claims that "the Court and Commonwealth's Attorney office is somewhat aware of [Defendant] Johnson's faults but continue to appoint him to cases which includes the Dept. of Public Advocacy to be responsible." Plaintiff also requests an increase in the amount of compensatory damages he seeks. Finally, the amended complaint contains a second request for the appointment of an attorney.[1]

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[1] Plaintiff previously filed a motion for the appointment of counsel which the Court denied by Memorandum and Order on June 28, 2017 (DN 8).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff's claims fail against each Defendant. First, Plaintiff's claim against the DPA and his official-capacity claims against Defendants Johnson and Thorn must be dismissed because they are barred by the Eleventh Amendment. The Sixth Circuit has held that "[t]he Eleventh Amendment bars § 1983 suits against a state, its agencies, and its officials sued in their official capacities for damages." *Cady v. Arenac Cty.*, 574 F.3d 334, 344 (6th Cir. 2009) (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)). Kentucky courts have consistently recognized that the DPA is a state agency for Eleventh Amendment purposes. *See, e.g.*, *Lowe v. Ky. Court of Justice*, No. 2:14-168-KKC, 2015 U.S. Dist. LEXIS 43527, at *6 (E.D. Ky. Apr. 2, 2015) ("Ky. Rev. Stat. 31.010 establishes DPA as state agency for Eleventh Amendment purposes") (citing *Westermeyer v. Ky. Dep't of Pub. Advocacy*, No. 2:10-131-DCR, 2011 U.S. Dist. LEXIS 21629, at * 9 (E.D. Ky. Mar. 3, 2011)).

Moreover, with regard to Plaintiff's claims against Defendant Johnson in his individual capacity, it is firmly established that a defense attorney, regardless of whether he is a public defender or a private attorney, is not a state actor for purposes of § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, Plaintiff's individual-capacity claims against Defendant Johnson must be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, the Court will dismiss this action by separate Order. As such, the Court need not consider Plaintiff's second request for the appointment of counsel.

Date:

cc: Plaintiff, *pro se*
 Defendants
4413.011